**Maria Del Rosario CORONA, as heir of the Estate of Oscar Cruz, Plaintiff,**

and

**Andres Santana, Plaintiff-Appellant,**

v.

**Mike KNOWLES, Warden; et al., Defendants-Appellees.**

**No. 12-17375**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Andres Santana, Pro Se

Thomas S. Patterson, Esquire, Supervisory Attorney, California Department of Justice, San Francisco, CA, for Defendants-Appellees

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Andres Santana, a California state prisoner, appeals pro se from the district court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising from a prison lockdown. We have jurisdiction un-

der 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

■ The district court properly granted summary judgment on Santana's Eighth Amendment claim on the basis of qualified immunity because it would not have been clear to every reasonable official that depriving Santana of outdoor exercise for approximately five months in response to a violent attack on prison officials was unconstitutional. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) (explaining two-part test for qualified immunity); *Norwood v. Vance*, 591 F.3d 1062, 1068-70 (9th Cir. 2010) (discussing qualified immunity where prisoners were denied outdoor exercise in response to prison violence). Contrary to Santana's contentions, defendants' motion for summary judgment properly raised the Eighth Amendment claim and the law-of-the-case doctrine did not bar the district court from granting summary judgment on the basis of qualified immunity. We do not consider Santana's contention that the district court erred in relying on defendants' gang expert declaration because our decision does not depend on that evidence.

The district court properly dismissed Santana's due process claim because Santana failed to allege facts sufficient to show that he was denied due process in connection with a lockdown of the prison. *See Hayward v. Procunier*, 629 F.2d 599, 601-03 (9th Cir. 1980) (no due process right to a hearing in connection with a five-month lockdown); *see also Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (a constitutionally protected liberty interest arises only when a

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by Ninth Circuit Rule 36-3.

restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court did not abuse its discretion in dismissing Santana's due process claim without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where ... amendment would be futile").

■ The district court erred, however, by dismissing Santana's equal protection claim. In dismissing the equal protection claim, the district court concluded that plaintiffs had not challenged that Southern Hispanics were a prison or street gang, and did not allege that such a prison or street gang was entitled to equal protection. However, plaintiffs alleged in their First Amended Complaint that the prison used terms like "Southern Hispanic" to classify inmates by ethnic group. Then at summary judgment, the district court found that there was a factual dispute as to whether defendants used the term "Southern Hispanic" to refer to inmates of a specific race or ethnicity, as opposed to inmates belonging to a particular prison gang or disruptive group. Accordingly, the district court erred in resolving Santana's equal protection claim at the pleadings stage. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (requirements for equal protection claim based on membership in a protected class); *see also Richardson v. Runnels*, 594 F.3d 666, 671 (9th Cir. 2010) (prison officials must "show that reasonable men and women could not differ regarding the necessity of a racial classification in response to prison disturbances and that the racial classification was the least restrictive alternative").

The district court also erred in dismissing Santana's equal protection claim on the basis of qualified immunity because, at the time of the prison lockdown, it would have been clear to every reasonable official that it was unlawful to classify inmates by their ethnicity unless the actions were narrowly tailored to serve a compelling state interest. *See Johnson v. California*, 543 U.S. 499, 509-15, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005) (racial classifications in prisons are "immediately suspect" and subject to strict scrutiny, which requires the government to "demonstrate that its policy is narrowly tailored to serve a compelling state interest" (citation and internal quotation marks omitted)).

To the extent that Santana sought injunctive relief related to the lockdown at Kern Valley State Prison, those claims are moot because he is no longer incarcerated at that facility. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (prisoner's claims were moot when prisoner was transferred and demonstrated no reasonable expectation of returning to that prison).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**